IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LARRY TAYLOR, et al.,                  §
                                       §
                    Plaintiffs,        §
                                       §  Civil Action No. 3:20-CV-2880-D
VS.                                    §
                                       §
THE COCA-COLA COMPANY, et al.,         §
                                       §
                    Defendants.        §

MEMORANDUM OPINION
AND ORDER

In this removed action, defendants Coca-Cola Southwest Beverages LLC ("CCSWB")

and Coca-Cola Refreshments USA, LLC ("CCR") move under Fed. R. Civ. P. 12(b)(6) to

dismiss the claims of plaintiffs Larry Taylor ("Larry") and Roberta Taylor. For the reasons

that follow, the court grants the motion and also grants the Taylors leave to replead.

I

In September 2018 Larry slipped and fell at a corn syrup manufacturing plant in

Dallas while working as a field supervisor and electrician for AMEX Electric. The Taylors

allege that the plant was owned, managed, and operated by the defendants. They bring this

lawsuit, asserting claims for negligence and premises liability against defendants The

Coca-Cola Company, Refreshment Product Services, Inc.,[1] CCSWB, and CCR. CCSWB and

CCR now move to dismiss under Rule 12(b)(6) for failure to state a claim. The Taylors have

_____

[1]The Taylors have filed a notice of voluntary dismissal of Refreshment Product
Services, Inc.

not responded to the motion.

## II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss, the Taylors must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause

of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555).

III

CCSWB and CCR move to dismiss on the ground that the Taylors have not asserted any facts supporting any claim against either defendant in particular. Although there is no *per se* rule that forecloses a pleader from attributing actions to defendants as a group,[2] a complaint must attribute to a particular defendant an act that could not have been committed by a group. *See Wilson v. Deutsche Bank Tr. Co. Ams.*, 2019 WL 175078, at *7 (N.D. Tex. Jan. 10, 2019) (Fitzwater, J.) (citing *Chyba v. EMC Mortg. Corp.*, 450 Fed. Appx. 404, 406 (5th Cir. 2011) (per curiam) ("Plaintiff's vague allegations of malfeasance by a global group of unspecified 'defendants'—without alleging any particular acts by the present Defendant—provided an additional reason to dismiss the suit.")). "At a minimum, [the Taylors] should endeavor to explain what role each [d]efendant played . . . rather than grouping them together at all times." *Del Castillo v. PMI Holdings N. Am., Inc*., 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016) (dismissing negligence, gross negligence, and negligence *per se* claims where the complaint "lump[ed] together multiple defendants without identifying who is responsible for which acts").

The Taylors have not identified which defendant is responsible for which acts. Except in identifying each defendant for purposes of service, their state-court petition does not

---

[2]This statement is not intended to include securities claims that are subject to the Private Securities Litigation Reform Act ("PSLRA"). *See, e.g., Coates v. Heartland Wireless Commc'ns, Inc.*, 26 F.Supp.2d 910, 916 (N.D. Tex. 1998) (Fitzwater, J.) ("The PSLRA codifies a ban against group pleading.").

distinguish among the four defendants or even mention CCSWB or CCR.  For example, the petition alleges that "[d]efendants owned, managed and operated the Coca-Cola Dallas Syrup Plant" where Larry was injured, Pet. ¶ 5.1; "[d]efendants owed [Larry] a duty of ordinary care to keep the areas of the Syrup Plant it controlled in a reasonably safe condition," *id.* at ¶ 7.1; and "defendants" were negligent in failing to warn Larry of an unreasonably dangerous condition, *id.* at ¶ 6.1.  The Taylors have not asserted that CCSWB or CCR owned, controlled, or operated the plant where Larry was injured; alleged whether these entities owed him a duty and what gave rise to that duty for each; or pleaded how each entity breached a duty owed to Larry.  Accordingly, in the specific context of this lawsuit, the Taylors have failed to plead plausible claims for relief against CCSWB and CCR, and their motion to dismiss is granted.

IV

The court grants the Taylors leave to replead.  First, the Taylors filed their petition under the Texas pleading rules that applied before the case was removed.  They should be given an opportunity to replead under the federal pleading standards.  *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case).  Second, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Because the Taylors have not stated that they cannot, or are unwilling to, cure the defects that the court has identified, the court grants them 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

*   *   *

The motion to dismiss of defendants CCSWB and CCR is granted, and the Taylors are granted leave to file an amended complaint.

**SO ORDERED**.

November 19, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE